**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**
**APPLICATION OF MICHAEL WILSON &**
**PARTNERS, LIMITED FOR JUDICIAL**  Case No.  6:08-mc-64-Orl-31DAB
**ASSISTANCE PURSUANT TO 28 U.S.C.**
**§ 1782**
_____/

## ORDER

This matter comes before the Court on the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (Doc. 2) (the "Application") filed on an *ex parte* basis by Michael Wilson & Partners, Ltd. ("MWP").  MWP seeks to gather testimony and documentary evidence from Jean Joseph Louis Robert Schoonbrood ("Schoonbrood"), a resident of Orlando (Doc. 4 at 8) ,for use in judicial proceedings before the High Court of Justice in England, a related arbitration, and in judicial proceedings in the Supreme Court of New South Wales, Australia.  (Doc. 3 at 1).  To that end, MWP seeks the appointment of attorneys Tucker H. Byrd ("Byrd") and Joseph L. Ruby ("Ruby") as commissioners of the court with the authority to issue subpoenas for testimony and documents.  (Doc. 3 at 1).

The underlying proceedings are exceptionally involved.  In short, however, MWP alleges the following: MWP has instituted legal and arbitral proceedings against three former employees for diverting business opportunities. (Doc. 3 at 2).  The opportunities involved oil and gas exploitation in central Asia; Schoonbrood is the CEO of one of the companies whose business relationship with MWP was diverted to the employees' new firm.  (Doc. 3 at 2).

28 U.S.C. § 1782, titled "Assistance to foreign and international tribunals and to litigants before such tribunals," provides in pertinent part that

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). An "interested person," for purposes of Section 1782(a), includes a party to the foreign litigation, a foreign official, or any other person who possesses a reasonable interest in obtaining the assistance. *In re Letter of Request from Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 690 (D.C. Cir.1989). A district court is not required to grant a Section 1782 discovery application simply because it has the authority to do so. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Supreme Court has identified four factors to be considered in determining whether to grant Section 1782 applications:

> (1) Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

>    (3) Whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>    (4) Whether the subpoena contains unduly intrusive or burdensome requests.

*In re Microsoft Corp.*, 428 F.Supp.2d 188, 192-93 (S.D.N.Y. 2006) (citing *Intel Corp.* at 264-65).

It is not necessary that a proceeding be pending before a federal court may grant judicial assistance under Section 1782. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), *abrogated on other grounds*, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Such a request for assistance may be made *ex parte*, and recipients of the subpoenas retain their rights to seek a protective order. *See id.*

After a review of the materials provided by MWP and a consideration of the *Microsoft Corp.* factors, the Court finds that the appointments should issue. The application appears to meet the factual requirements of Section 1782, as it is made by an "interested person" – WMP – in regard to a person who resides in this district to solicit evidence that may be used in English and Australian tribunals. There is no indication that the testimony of Schoonbrood or any documents he might possess are accessible by the tribunals in England or Australia. There is nothing to suggest a problem with those tribunals, the proceedings before them, or that this application is an effort to evade discovery restrictions effective there. Finally, the scope of the subpoena (appended to this order as "Attachment A") appears relevant and reasonable.[1] Accordingly, it is hereby

**ORDERED** that the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (Doc. 2) is **GRANTED**, and Tucker H. Byrd of the firm of Greenberg Traurig, P.A. and Joseph L.

---

[1] These findings, however, are preliminary, and subject to revision upon a challenge to the appointments or the subpoena.

Ruby of the law firm of Baach Robinson & Lewis PLLC are hereby appointed Commissioners of this Court, with the power to issue subpoenas and other appropriate process requiring Robert Schoonbrood to appear for deposition and to produce documents within his possession, custody or control, concerning the subjects in Attachment A.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2008.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party